Filed 3/17/26  P. v. Greenwood CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MAXI YVONNE GREENWOOD,<br><br>    Defendant and Appellant. | G064807<br><br>(Super. Ct. No. 23HF1973)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Carlton P. Biggs, Retired Judge. (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Ryan Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*          *          *

Defendant Maxi Yvonne Greenwood was arrested after she allegedly did "donuts" in a parking lot going upwards of 70 miles per hour while swerving around pedestrians and other vehicles. She pled guilty to misdemeanor assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), reckless driving in an off-street parking facility (Veh. Code, § 23103, subd. (b)), and two counts of resisting and obstructing a law enforcement officer (Pen. Code, § 148, subd. (a)(1)). The trial court sentenced her to 242 days in jail, giving Greenwood credit for time served in that amount, and suspended imposition of the sentence pending one year of formal probation.

Just shy of six months after being sentenced, Greenwood filed a motion to withdraw her guilty plea pursuant to Penal Code section 1018. An accompanying declaration by her counsel set forth the alleged good cause on which the motion was based, which included the following: at the time she pled guilty, she was in-custody in Orange County and had an out-of-county hold from San Diego County based on two then-pending matters; she "was under emotional duress to enter pleas of guilty to a credit-for-time served sentence" because jail personnel were allegedly "verbally, psychologically and emotionally abusive" to her; she also felt "unjustly pressured" because "she feared that the San Diego County cases and serious charges would be used against her if she went to trial on her Orange County matters when she maintained her innocence on them and wished to fight the San Diego allegations"; and after being released on probation in this case, a jury found her not guilty in one of the San Diego cases and the other was dismissed by the prosecution.

2

The trial court denied Greenwood's motion to withdraw her plea, finding there was no "good cause to believe that there was any miscarriage of justice in the entry of the plea." Greenwood timely appealed.[1]

We appointed counsel to represent Greenwood on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court they found no arguable issues to assert on her behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) To assist us in our independent review under *Wende*, counsel suggested we consider whether the trial court abused its discretion in denying Greenwood's motion to withdraw her guilty plea.

Counsel and this court notified Greenwood she could file a supplemental brief on her own behalf. However, this court did not receive a supplemental brief and the time to file one has passed.

After independently reviewing the record, we affirm the order.

DISCUSSION

When appellate counsel identifies no arguable issues on appeal, an appellate court must independently review the record for arguable issues. (*Wende, supra*, 25 Cal.3d at pp. 441–442.) We have done so and have found no arguable issues, including the one identified by counsel.

"A trial court may allow a defendant to withdraw his or her guilty or no contest plea under [Penal Code] section 1018 for good cause shown by clear and convincing evidence. [Citation.] 'To establish good cause to withdraw a guilty plea, the defendant must show by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other

---

[1] Greenwood did not obtain a certificate of probable cause before filing her notice of appeal, but she later obtained one after this court notified her it was considering dismissing the appeal due to a lack of such certificate.

factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress.' [Citations.] The defendant may not withdraw a plea because the defendant has changed his or her mind." (*People v. Archer* (2014) 230 Cal.App.4th 693, 702.) The facts presented to the trial court do not demonstrate it erred in finding a lack of good cause for withdrawal of the guilty plea.

DISPOSITION

The order is affirmed.

DELANEY, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.

4